IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARLEE C. LEMING,

    Plaintiff,

vs.     CASE NO. 1:07CV192-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act, and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.      PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on December 15, 2003, and November 26, 2003, respectively, alleging a disability onset date of February 1, 2003, because of left knee problems and high blood pressure. Plaintiff petitioned for a hearing before an

administrative law judge (ALJ), who conducted a hearing on May 23, 2006, and entered an unfavorable decision on June 27, 2006.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.     FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had a knee disorder and hypertension, which were severe, but that neither condition met listing requirements.  Plaintiff's treating physician, Dr. Zelaya referred Plaintiff for a functional assessment by an occupational rehabilitation facility which determined after comprehensive testing that he could perform medium work.  The ALJ also based his findings on Plaintiff's self reported daily activities which he found were inconsistent with severe limitations such as riding a lawn mower, living alone and taking full care of himself, and his concession that he had been looking for work.  Using the testimony of a vocational expert, the ALJ determined that Plaintiff could perform light work, with postural limitations and a sit/stand option, but there were a number of jobs which Plaintiff could perform such as ticket seller, toll taker, and coupon redemption clerk.

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in not explaining why he rejected the treating physician's opinion that Plaintiff can sit and stand 30 minutes at a time and must rest every two hours, and that Plaintiff met the requirements of Rule 201.14 of the Medical-Vocational Guidelines.

The government responds that the ALJ properly considered Dr. Lopez' opinion, but was not required to adopt it *in toto* because Dr. Lopez had only seen Plaintiff twice

**No. 1:07CV192-MP/AK**

and does not qualify as a treating physician. Further, the ALJ found Plaintiff capable of light work, Rule 201.14 applies only if the RFC is sedentary. Dr. Zelaya, who operated upon and treated Plaintiff's knee condition, recommended a work capacity evaluation, which resulted in a finding that he could perform medium work activity. Dr. Zelaya is the treating physician whose opinion should be afforded great weight, and he released Plaintiff to medium work. The ALJ also relied upon Plaintiff's self reported daily activities to support his RFC assessment, as well as Plaintiff's admission at the hearing that he was actively seeking employment.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D. STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703

**No. 1:07CV192-MP/AK**

F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

**No. 1:07CV192-MP/AK**

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:07CV192-MP/AK**

**E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff was referred to Dr. Zelaya by his workers compensation carrier on February 12, 2003, for left knee pain.  (R. 158).  He had stepped in a hole at work, lost his balance and twisted his knee.  (R. 158).  MRI confirmed a "tear of the posterior horn of the medial meniscus."  (R. 156, 185). A partial medial meniscectomy was performed on April 1, 2003, which healed nicely, and he was referred for physical therapy (R. 186-197, 207-222), and told not to return to work if the only job available was his previous occupation as a laborer and fork-lift driver.  The workers compensation injury was exacerbated by a previous knee injury (R. 149), and Plaintiff was referred for a Functional Capacity Evaluation by Dr. Zelaya which revealed that he could go back to work at a medium level.  (R. 147, 198-206, 223-229).  Dr. Zelaya opined that he had reached MMI on August 13, 2003, with 4% permanent whole body impairment rating. (R. 145, 232-255).

Dr. Ivan Lopez evaluated Plaintiff on March 31, 2004, and found him to have left knee deficit and non-controlled hypertension (Plaintiff had taken no medication for at least one year), and his opinion was that Plaintiff should not sit or stand longer than 30 minutes, no walking longer than 2 hours, no carrying more than 20 lbs., and he should be allowed to take breaks every 2 hours.  (R. 160).  Dr. Lopez examined Plaintiff again on October 20, 2004, and he added that Plaintiff was able to drive a car now, but had work-related limitations of not engaging in strenuous physical activities, no climbing, no kneeling, squatting, crawling, no repetitive bending, no sitting or standing more than 30

**No. 1:07CV192-MP/AK**

minutes without rest, operating heavy equipment or a commercial truck, or carrying more than 15 lbs with either arm; he is not able to return to his previous work as fork lift operator." He added that he should be able to engage in gainful activity with these limitations provided he is allowed to take breaks every 2 hours in an 8-hour workday. (R. 173).

Two Residual Functional Capacity Assessments by non-examining medical sources indicate that Plaintiff is capable of light work with postural limitations. (R. 162-169, R. 175-183).

F.     **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff appeared at the hearing with counsel. (R. 264). He was 51 at the time of the hearing with a high school education and work experience as a fork lift operator. (R. 268-269). He had been looking for work as recently as one month ago, some type of work that required no heavy lifting, nothing more than 10 or 15 pounds. (R. 270). He received a workers compensation settlement for his knee injury. (R. 271). He lives alone and does all his own daily chores, including mowing his acre size lawn. (R. 273). Plaintiff reports that walking causes his leg to be painful and to swell, the pain is a "10" and he has to elevate it and ice it at least once a day for about 30 minutes. (R. 279). He uses a cane daily. (R. 282). His right knee is beginning to do the same way, but he has no insurance and has not had any tests done on it. (R. 283). He can stand 15 minutes with the cane or 30 minutes if he can lean up against something. (R. 284). He takes Advil three times a day for pain relief. (R. 285).

**No. 1:07CV192-MP/AK**

A vocational expert testified that Plaintiff's past relevant work was medium level work and based on the hypothetical presented[1] he would be unable to perform his past relevant work, but there were a number of jobs he could perform such as ticket seller, toll collector, and coupon redemption clerk.  All of these jobs would allow two 15 minute breaks and a lunch break.  All the jobs noted would require standing at least six hours out of an 8 hour day, lifting up to 20 pounds, but many employers allow a sit/stand option of 30 minute intervals.  (R. 293).

### G. DISCUSSION

a) Treating physician's opinion

A treating physician is defined as a "medical source who provides [the claimant] or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 CFR §404.1502.  Under this definition, Dr. Zelaya is clearly Plaintiff's treating physician, not Dr. Lopez, who only examined him twice.  Further, the ALJ was clearly warranted in accepting the opinion of Dr. Zelaya over that of Dr. Lopez because 20 CFR §§ 404.1527(d(2)(I), 416.927(d)(2)(I) provides: "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's opinion.  When the treating source has seen you a number of times and long enough to

---

[1] An individual limited to light work, further limited by a sit/stand option, must avoid ladders, unprotected heights, operation of moving machinery, foot controls, onl occasional bending, crouching, stooping, crawling, kneeling or squatting.

**No. 1:07CV192-MP/AK**

have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a non-treating source."

Also, Dr. Zelaya is a specialist and ordered a comprehensive vocational assessment from which he derived his opinion that Plaintiff could return to medium level work.

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

Thus, there is no merit to Plaintiff's argument that the ALJ should have accepted Dr. Lopez' opinion over that of Dr. Zelaya.

    b) <u>Rule 201.14 of the Medical-Vocational Guidelines</u>

There is also no merit to Plaintiff's second argument that the grids dictate a finding that Plaintiff is disabled. First, because there are non-exertional limitations noted, it was not proper for the ALJ to base a finding on the grids, <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990); second, Rule 201.14 applies to persons closely approaching advanced age (50-54), with a high school education, who are limited to **sedentary** work. As noted above, there was medical evidence associated with Plaintiff's treating physician that supported a finding that he could perform medium work, but the ALJ, giving Plaintiff the benefit of the doubt, and with support of two non-

**No. 1:07CV192-MP/AK**

examining functional assessments, found him to be capable of light work.  Thus, this guideline was inapplicable.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this   **20th**   day of February, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV192-MP/AK**